UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE No. 24-CV-60707

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

LUIS DUCO, SHIRLEY DUCO,
and UNKNOWN TENANTS,

    Defendants.

_____/

**COMPLAINT TO FORECLOSE**

    The United States of America, through the undersigned Assistant United States Attorney, hereby files a Complaint against the defendant(s) Luis Duco, Shirley Duco, and Unknown Tenants under the Federal Debt Collection Procedures Act ("FDCPA"), 28 U.S.C. § 3001 *et seq.,* 28 U.S.C. §§ 2001-2003; 18 U.S.C. §§ 3613, 3664, and 26 U.S.C. § 7403.

    1.    This claim in an action to foreclose a criminal restitution judgment lien held by the United States of America against the property of Defendant Luis Duco.

    2.    This Court has jurisdiction of this action pursuant to 28 U.S.C. §1345. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

    3.    On August 18, 2003, Defendant Luis Duco was sentenced in case No. 02-20813-CR-KING (S.D. Fla.) on two counts of bank fraud in violation of 18 U.S.C. § 1344 and was sentenced to twenty-one (21) months imprisonment and ordered to pay restitution in the amount of $1,139,519.00.  See **Exhibit "A"** ("Judgment in a Criminal Case").

4. The United States holds a valid lien against all real property owned by the Defendant, which is further perfected and valid as to third parties pursuant to 18 U.S.C. § 3613 (c) & (d). A copy of the notice of lien recorded in Broward County is attached hereto and labeled **Exhibit "B"**.

5. As of April 18, 2024, the outstanding balance of defendant debtor's restitution is $1,086,059, plus statutory interest.

6. To date, Defendant Luis Duco has neglected, failed and/or refused to pay the full amount of the criminal restitution debt secured by the criminal restitution judgment and federal criminal restitution judgment lien. Prior to the filing of this suit, Plaintiff gave the Defendant Luis Duco notice of the obligation and demanded payment of the same.

### Count I – 2775 Hackney Road, Davie, Florida 33331
**(United States of America v. Luis Duco & Shirley Duco)**

7. The Plaintiff incorporates paragraphs 1 – 6 of its Complaint to Foreclose as if fully restated in this Count I.

8. The real property located at 2775 Hackney Road, Davie, Florida 33331, is the property which is the subject matter of this Count I, and is legally described as follows:

> Lot 39, Block 1, WINDMILL RANCH ESTATES, according to map or plat thereof as recorded in Plat Book 107, Page 18 of the Public Records of Broward County, Florida.

(herein "the Hackney Road Property")

9. As of the date of this Complaint, no parties other than those named as parties to this case hold a known inferior interest in the Hackney Road Property.

10. The Hackney Road Property is jointly owned by the Defendants Luis Duco and Shirley Duco.

11. The federal criminal restitution judgment and federal criminal restitution judgment lien attach to and encumber Luis Duco's interest in the Hackney Road Property and can be foreclosed.

WHEREFORE, Plaintiff, the United States of America, prays for the following relief:

A. The Court award the United States costs for prosecuting this action, including but not limited to a filing fee as authorized by 28 U.S.C. § 2412(a)(2);

B. That this Court determine the priority of all claims to and liens upon the subject Hackney Road Property and adjudicate the lien of the United States as superior to all other interests;

C. That this Court adjudge and decree that the restitution judgment lien of the United States be foreclosed against the Hackney Road Property, that the Hackney Road Property be sold by public sale or by a court appointed receiver free and clear of the liens and claims of all parties having an inferior interest in the Hackney Road Property, and that the net proceeds of the sale be distributed in accordance with the priority and interests as determined by the Court.

### Count II – 16233 Laurel Drive, Weston, Florida 33326
**(United States of America v. Luis Duco, Shirley Duco, & Unknown Tenants)**

12. The Plaintiff incorporates paragraphs 1 – 6 of its Complaint to Foreclose as if fully restated in this Count II.

13. The real property located at 16233 Laurel Drive #17, Weston, Florida 33326, is the property which is the subject matter of this Count II, and is legally described as follows:

> Condominium Unit No. 17 of VILLAS OF BONAVENTURE AT BONAVENTURE 41, a condominium, according to the Declaration of Condominium thereof recorded in Official Records Book 7993, Page 569, of the Public Records of Broward County, Florida, and any amendments thereto, together with its undivided share in the common elements.

(herein "the Laurel Drive Property")

14. As of the date of this Complaint, no parties other than those named as parties to this case hold a known inferior interest in the Laurel Drive Property.

15. The Laurel Drive Property is owned solely by Luis Duco. To the extent that Shirley Duco asserts any interest in the Laurel Drive Property, her is inferior to the interest of the Plaintiff.

16. The federal criminal restitution judgment and federal criminal restitution judgment lien attach to and encumber Luis Duco's interest in the Laurel Drive Property and can be foreclosed.

17. Upon information and belief, the Laurel Drive Property is currently in the possession of tenants, who are joined to this suit and described as Unknown Tenants. The Unknown Tenants' interest in the Laurel Drive Property is inferior to the interest of the Plaintiff.

WHEREFORE, Plaintiff, the United States of America, prays for the following relief:

A. The Court award the United States costs for prosecuting this action, including but not limited to a filing fee as authorized by 28 U.S.C. § 2412(a)(2);

B. That this Court determine the priority of all claims to and liens upon the Laurel Drive Property and adjudicate the lien of the United States as superior to all other interests;

C. That this Court adjudge and decree that the restitution judgment lien of the United States be foreclosed against the Laurel Drive Property, that the Laurel Drive Property be sold by public sale or by a court appointed receiver free and clear of the liens and claims of all parties having an inferior interest in the Laurel Drive Property, and that the net proceeds of the sale be distributed in accordance with the priority determined by the Court.

        Respectfully submitted,

        MARKENZY LAPOINTE
        UNITED STATES ATTORNEY

By:   /s/ Brett R. Geiger
        Brett R. Geiger
        Assistant U.S. Attorney
        Court No. A5502622
        99 N. E. 4th Street, Suite 300
        Miami, Florida 33132-2111
        Tel No. (305) 961-9190
        E-mail: Brett.Geiger@usdoj.gov